


NOV 20 2002

FILED - CLERK
U.S. DISTRICT COURT

02 NOV 19 PM 3: 49

TX EASTERN - BEAUMONT

BY B Carter

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| SELENA M. SLAUGHTER, | § § | |
| *Plaintiff,* | § § | |
| v. | § § | CIVIL ACTION NO. 1:99CV3 (TH) |
| WEINER'S STORES, INC., | § § | JURY |
| *Defendant.* | § § | |

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Before the Court is *Defendant's First Amended Motion for Summary Judgment* [Clerk's Docket No. 91] filed May 30, 2002. Having considered the motion and response, the Court is of the opinion that the motion should be granted.

### FACTUAL & PROCEDURAL BACKGROUND

This litigation arises out of an employment dispute. Plaintiff Selena M. Slaughter was formerly employed by Weiner's Stores as a part-time service desk associate. On March 24, 1998, plaintiff filed a charge of discrimination with the E.E.O.C., generally alleging that she was discriminated against on the basis of her race in connection with a demotion and/or failure to promote her to the position of shoe coordinator. In May 1998, plaintiff resigned, and her last day of work was on or about June 28, 1998. On July 14, 1998, plaintiff received a right-to-sue letter from the E.E.O.C. She filed suit *pro se* October 14, 1998 alleging racial discrimination in violation of federal law and supplemental state law claims for libel, slander, false imprisonment and fraud. She alleges damages in excess of three million dollars. Weiner's now seeks dismissal of plaintiff's complaint in its entirety.

## LEGAL STANDARD – MOTION FOR SUMMARY JUDGMENT

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 2552 (1986). Summary judgment procedures empower the court to "pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356 (1986). The purpose of summary judgment proceedings is to dispose of factually and legally unsupported claims and defenses while protecting parties' respective rights to trial on disputed issues. *Celotex Corp.*, 477 U.S. at 323-24, 106 S. Ct. at 2553. Disposition by summary judgment is not a "disfavored procedural short-cut, but rather, an integral part of the FEDERAL RULES as a whole, which are designed 'to secure the just, speedy, and inexpensive determination of an action.'" *Celotex Corp.*, 477 U.S. at 327, 106 S. Ct. at 2555 (quoting FED. R. CIV. P. 1).

As an initial matter, the burden is on the party seeking summary judgment to demonstrate that there is no genuine issue as to any material fact.[1] *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S. Ct. 1598, 1608 (1970). In so doing, the movant need not negate the elements of the non-movant's case, but rather, may establish that there is insufficient evidence to support an essential element of the plaintiff's claim.

The burden then shifts to the nonmoving party to establish the existence of a genuine issue for trial. *Matsushita*, 475 U.S. at 585-87, 106 S. Ct. at 1356. To carry this burden, the nonmovant "must do more than simply show that there is some metaphysical doubt as to the material facts," but instead, "must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Id.* (quoting FED. R. CIV. P. 56 (e)). The mere existence of some alleged factual dispute

---

[1] For purposes of summary judgment, an issue is "genuine" if the evidence is sufficient for a reasonable jury to return a verdict in favor of the nonmovant; a fact is "material" if its resolution under substantive law in favor of one party might affect the outcome of the litigation. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986).

between the parties will not defeat an otherwise properly supported motion for summary judgment. Only disputes over facts that might affect the outcome of the lawsuit under governing law preclude entry of summary judgment. *Anderson*, 477 U.S. at 247-48, 106 S. Ct. at 2509-10.

When considering motions for summary judgment, courts must resolve all reasonable doubts in favor of the nonmoving party. *General Elec. Co. v. Joiner*, 522 U.S. 136, 143, 118 S. Ct. 512, 517 (1997). "[T]he nonmoving party's evidence 'is to be believed, and all justifiable inferences are to be drawn in [that party's] favor.'" *Hunt v. Cromartie*, 526 U.S. 541, 552, 119 S. Ct. 1545, 1551-52 (1999). "'Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions.'" *Id.*

Evidence may be considered on a Rule 56 motion to the extent that it is not based on hearsay or otherwise excludable at trial. *Martin v. John W. Stone Oil Distrib., Inc.*, 819 F.2d 547, 549 (5th Cir. 1987).

In light of this procedural framework, the Court now considers the merits of the motion for summary judgment.

## ANALYSIS

A.     **Dismissal of Title VII Claim**

Title VII prohibits employers from, among other things, "discriminat[ing] against any individual with respect to [the] compensation, terms, conditions or privileges of employment, because of such individual's race [or] color." 42 U.S.C. § 2000e-2(a)(1).

1.     <u>Ms. Slaughter's Title VII Claim Barred By Limitations</u>

"Title VII provides that claimants have ninety days to file a civil action after receipt of a right-to-sue notice from the E.E.O.C." *Taylor v. Books A Million*, 296 F.3d 376, 378-79 (5th Cir. 2002). (citing 42 U.S.C. § 2000e-5(f)(1)). "This requirement to file a lawsuit within the ninety-day

limitation period is strictly construed." *Id.* (*citing Ringgold v. National Maintenance Corp.*, 796 F.2d 769, 770 (5th Cir. 1986); *Espinoza v. Missouri Pacific R.R. Co.*, 754 F.2d 1247, 1251 (5th Cir. 1985)). "Courts within this circuit have repeatedly dismissed cases in which the plaintiff did not file a complaint until after the ninety-day limitation period had expired." *Id.* (*citing Butler v. Orleans Parish School Board*, No. Civ. A. 00-0845, 2001 WL 1135616 (E.D. La. Sept. 25, 2001) (dismissing Title VII claims where pro se plaintiff filed her complaint one day beyond the ninety-day period because she and her husband were prevented from filing on the 90th day, as planned, by family illnesses)). Because Ms. Slaughter filed suit in excess of 90 days after receipt of the right-to-sue letter from the E.E.O.C., dismissal of her Title VII race discrimination claim is warranted.

2. <u>Alternatively, Ms. Slaughter Cannot Make Out A Prima Facie Case of Discrimination</u>

Under Title VII, "[a] plaintiff can prove discriminatory animus by direct evidence or by an indirect inferential method of proof." *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1213 (5th Cir. 1995). Because Ms. Slaughter relies on indirect evidence of discrimination, her discrimination claim must be evaluated within the so-called *McDonnell Douglas* analytical framework. *Evans v. City of Houston*, 246 F.3d 344, 349 (5th Cir. 2001). Under this analysis, plaintiff must first come forward with a prima facie case of discrimination. *Id.* at 350.

In order to make out of prima facie case of discrimination, plaintiff must establish that she is a member of a protected class; that she was qualified for the position at issue; that she suffered an adverse employment action; and that she was treated less favorably than a person who is not a member of the protected class. *Id.*

Plaintiff cannot demonstrate that she was qualified for the position at issue. The position to which plaintiff claims she was entitled was the shoe area coordinator. The shoe area coordinator position was a full-time position. Ms. Slaughter was a part-time employee who specifically informed defendant that she could only work part-time evening hours during the week.

As such, plaintiff cannot make out a prima facie case of racial discrimination.

3. <u>Alternatively, Ms. Slaughter Has Not Demonstrated A Genuine Issue For Trial</u>

Once the plaintiff establishes a prima facie case of discrimination, the burden shifts to the defendant to produce a legitimate, nondiscriminatory justification for the employment action. *Id.* "This burden is one of production, not persuasion; it 'can involve no credibility assessment.'" *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 142, 120 S. Ct. 2097, 2106 (2000). This burden is met by offering admissible evidence sufficient for the trier of fact to conclude that unlawful discrimination was not the cause of the employment action. *Id.*; *Bauer v. Albemarle Corp.*, 169 F.3d 962, 966 (5th Cir. 1999). Weiner's met this burden by coming forward with competent, admissible evidence explaining why plaintiff was not assigned the position at issue.

"If the defendant can articulate a reason that, if believed, would support a finding that the action was nondiscriminatory, the mandatory inference of discrimination created by the plaintiff's prima facie case drops out of the picture and the factfinder must decide the ultimate question: whether [the] plaintiff has proved [intentional discrimination].'" *Evans*, 246 F.3d at 350. "Although intermediate evidentiary burdens shift back and forth under this framework, 'the ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff." *Reeves*, 530 U.S. at 143, 120 S. Ct. at 2106. To carry this burden, "'the plaintiff can rely on evidence that the employer's reasons were a pretext for unlawful discrimination' and the factfinder 'may still consider the evidence establishing the plaintiff's prima facie case and inferences properly drawn therefrom.'" *Evans*, 246 F.3d at 350.

"An employer would be entitled to judgment as a matter of law if the record conclusively revealed some other nondiscriminatory reason for the employer's decision, or if the plaintiff created only a weak issue of fact as to whether the employer's reason was untrue and there was abundant and uncontroverted independent evidence that no discrimination had occurred." *Reeves*, 530 U.S. at 148, 120 S. Ct. at 2108.

"Whether judgment as a matter of law is appropriate in any particular case will depend on a number of factors." *Id.* "Those include the strength of the plaintiff's prima facie case, the probative value of the proof that the employer's explanation is false, and any other evidence that supports the employer's case and that properly may be considered on a motion for judgment as a matter of law." *Id.* at 149.

Ms. Slaughter has not come forward with sufficient evidence that the explanation offered by Weiner's for not assigning Ms. Slaughter the shoe coordinator position was pretextual for discrimination. The overwhelming weight of the evidence before the Court compels the conclusion that Weiner's did not discriminate against Ms. Slaughter based upon her race. As such, plaintiff has not demonstrated the existence of a genuine issue for trial.

It is for these reasons that defendant's motion for summary judgment on plaintiff's Title VII claim for race discrimination must be granted.

## B. Dismissal of Supplemental State Law Claims

Ms. Slaughter filed supplemental state law claims for libel, slander, false imprisonment and fraud. This Court has jurisdiction to decline to exercise jurisdiction over supplemental state law claims when the claim within is original jurisdiction has been dismissed. 28 U.S.C. § 1367(3); *Noble v. White*, 996 F.2d 797, 798 (5th Cir. 1993). "District courts enjoy wide discretion in determining whether to retain supplemental jurisdiction over a state law claim once all federal claims are dismissed." *Id.* This Court declines to exercise jurisdiction over Ms. Slaughter's supplemental state law claims in light of this dismissal of the federal claim.

## ORDER

**IT IS THEREFORE ORDERED** that *Defendant's First Amended Motion for Summary Judgment* [Clerk's Docket No. 91] is in all things **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's complaint is **DISMISSED**.

**IT IS FURTHER ORDERED** that all costs shall be taxed against the party incurring same.

**IT IS FURTHER ORDERED** that the clerk is **DIRECTED** to close this case file.

**SO ORDERED.**

SIGNED this the 19th day of November, 2002.

Thad Heartfield
United States District Judge